UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH JUDD**,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-02620 (TNM) |

## MEMORANDUM OPINION

More than 20 years ago, Plaintiff Keith Judd was found guilty by a jury of two counts of "mailing a threatening communication with the intent to extort money or something of value." *See United States v. Judd*, 252 F.3d 435 (5th Cir. 2001) (per curiam). The U.S. District Court for the Western District of Texas sentenced him to 210 months in prison and three years of supervised release. *Id*. Since then, he has filed hundreds of motions and petitions in federal courts across the country asking them to invalidate his conviction. *See Judd v. Furgeson*, 239 F. Supp. 2d 442, 443 n.1 (D.N.J. 2002) (noting that, as of 2002, Judd had "filed well over 200 civil actions and appeals in district and appellate courts all over the United States").

Judd is no longer in prison, but he continues to attack his conviction. He filed this action *pro se* requesting that the Court declare that he is "innocent of the charges" in his conviction and that his conviction is "void for lack of jurisdiction," presumably by issuing a writ of error *coram nobis*. Compl. 1, 4, ECF No. 1 (capitalization altered). He also asks, under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), that the Court order

1

Defendants—the U.S. Department of Justice and the Federal Bureau of Investigation—to "correct the record, where ever it exists" to "show that he is innocent" and that his conviction is "void for lack of jurisdiction." *Id.* at 7 (capitalization altered). Finally, he seeks $20 million in damages, again presumably under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C). *Id.* at 7.

## I.

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish jurisdiction. *See Knapp Med. Ctr. v. Hargan*, 875 F.3d 1125, 1128 (D.C. Cir. 2017). When ruling on this motion, a court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up). If a court determines that it lacks jurisdiction for any claim, it must dismiss that claim. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Even if a court has jurisdiction, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must "treat the complaint's factual allegations as true and must grant the plaintiffs the benefit of all inferences that can be derived from the facts alleged." *L. Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017) (cleaned up).

## II.

The Government urges dismissal because Judd lacks a cause of action to bring his claims. *See* Defs.' Mot. to Dismiss 7–8, ECF No. 6; Defs.' Reply 1–2, ECF No. 9. The Court agrees.

### A.

Judd asks this Court to declare his innocence and void his conviction. *See* Compl. at 2–4. Normally, a post-conviction challenge "to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]" *Muhammad v. Close*, 540 U.S. 749, 750 (2004). But because Judd has served his full sentence before filing this case, he can no longer petition for *habeas corpus*. *See Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006).

Under the "jurisdiction" section of his Complaint, Judd cites the All Writs Act, 28 U.S.C. § 1651. So the Court infers that he means to seek declaratory and injunctive relief through a writ of error *coram nobis*. *See United States v. Nwoye*, 824 F.3d 1129, 1134 n.3 (D.C. Cir. 2016) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (alterations in original)).

It is well-established that "a petitioner must move for the writ in the sentencing court, rather than any convenient federal court." *Rawlins v. Kansas*, 714 F.3d 1189, 1197 (10th Cir. 2013) (collecting cases); *see United States v. Hansen*, 906 F. Supp. 688, 692 (D.D.C. 1995) ("Through a writ of error coram nobis, *the federal judge who imposed a sentence* has the discretionary power to set aside an underlying conviction and sentence

which, for a valid reason, should never have been entered."). Judd was convicted in the Western District of Texas, not here. *See* Compl. at 1. So this Court lacks jurisdiction over Counts I and II of Judd's Complaint.

**B**.

Under the Privacy Act, Judd asks both for damages and for the Court to order Defendants to "correct the record, where ever it exists" to "show that he is innocent." Compl. at 7. Judd lacks a cause of action here as well.

In *Heck v. Humphrey*, the Supreme Court determined that a state prisoner could not recover damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff proved that the conviction or sentence had been reversed or vacated. 512 U.S. 477, 486–87 (1994). District courts are thus barred from considering § 1983 claims when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" that has not been overturned. *Id*. at 487.

The D.C. Circuit has expanded *Heck*'s holding to encompass suits under the Privacy Act. An inmate cannot seek damages under the Privacy Act while his conviction still stands. *See White v. U.S. Prob. Office*, 148 F.3d 1124, 1126 (D.C. Cir. 1998) (requiring dismissal of an inmate's claim for damages under the Privacy Act because "a judgment in favor of White on his challenge to the legal conclusions in his presentence report would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding"). Nor may he use the Privacy Act to amend his records without his conviction being vacated. *See Brown v. BOP*, 498 F. Supp. 2d. 298, 303–04 (D.D.C. 2007) ("The Privacy Act is not the proper means by which a prisoner may

collaterally attack his sentence absent a showing that his sentence has been invalidated in a prior proceeding.").

Judd suggests that *Heck* and, by extension, *White*, no longer apply to him because those cases involved inmates, while he is no longer in custody. Pl.'s Opp'n 2, ECF No. 8. Indeed, certain courts of appeals—relying on concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1 (1998)—have split over whether *Heck* continues to bar *former* inmates' § 1983 suits. *See Molina-Aviles v. District of Columbia*, 797 F. Supp. 2d 1, 5 n.5 (D.D.C. 2011) (collecting cases). But neither the Supreme Court nor the D.C. Circuit have so held. So the Court finds itself bound by *Heck*. *See Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998) (applying *Heck* to former inmates and "leave[ing] to the Court 'the prerogative of overruling its own decisions'" (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

But even among the courts that have declined to extend *Heck* to some former inmates, most only offer a narrow exception to *Heck*. For instance, the Fourth Circuit permits a former state inmate to sue for damages under § 1983 "only if he lacked access to federal habeas corpus while in custody." *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 696 (4th Cir. 2015). Likewise, the Ninth Circuit only offers a plaintiff relief from *Heck*'s bar if the inmate "could not seek habeas relief only because of the shortness of his prison sentence." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006).

Even if the Court were to agree with these exceptions to *Heck*, Judd does not fit within them. Judd's long prison sentence offered him ample opportunity to seek *habeas* review. And he fails to explain how he "lacked access to federal habeas corpus while in custody." *Griffin*, 804 F.3d at 696. *Heck* and *White* thus continue to govern Judd's case.

These cases require dismissal of Judd's Complaint since resolution of his Privacy Act claims would "necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding." *White*, 148 F.3d at 1126. Judd makes no secret of his intent that the Court to not only imply but determine that his sentence and conviction were invalid. *See* Compl. at 7 (insisting that he "has a right to have the record corrected to show that he is innocent" and requesting damages for "this miscarriage of justice" (capitalization altered)). And his Complaint makes no showing that his prior conviction has been vacated. Rather, by petitioning the Court to declare him innocent and void his conviction, Judd pleads that his conviction remains in place. *See* Compl. at 1–6. This Court cannot grant the relief that Judd seeks pursuant to the Privacy Act under these circumstances.

## III.

For these reasons, Defendants' Motion to Dismiss is granted. A separate Order will issue.

Dated: April 17, 2020

TREVOR N. McFADDEN
United States District Judge